Peter Michael HEBEL, a/k/a Peter Michaels, Petitioner,

v.

Dennis LUTHER, Warden, Metropolitan Correctional Center, Respondent.

No. 82 C 6697.

United States District Court,
N.D. Illinois, E.D.

Nov. 12, 1982.

William H. Theis, Chicago, Ill., for petitioner.

Dan K. Webb, U.S. Atty. by Michael S. O'Connell, Asst. U.S. Atty., Chicago, Ill., for respondent.

## ORDER

BUA, District Judge.

On April 12, 1982, Petitioner Peter Michael Hebel was arrested on a parole violator warrant. On July 29, 1982, this Court permitted petitioner to be released on bail pending a parole revocation hearing. *Hebel v. Luther,* 544 F.Supp. 179 (N.D.Ill.1982). A hearing was held on August 16, 1982 at the Chicago Metropolitan Correctional Center. On September 1, 1982, the Parole Commission determined that petitioner's parole should be revoked. On September 29, 1982, petitioner appealed this decision to the Regional Commissioner, and the decision was affirmed on October 27, 1982. This Court vacated petitioner's bail on October 29, 1982 pursuant to the government's motion. Petitioner was ordered to surrender on November 2, 1982 at the MCC. On that date, petitioner appeared before this Court seeking immediate release.

## I.

Although petitioner's motion erroneously states that he seeks release on the basis of accrued good-time allowances, his memorandum indicates that the grounds for his motion are actually the following. Petitioner claims that 1) from July 29, 1982 until the present, he has remained under the "jurisdiction" of the Parole Commission as that term is used in 18 U.S.C. § 4210(b), 2) the time he spent under the jurisdiction of the Commission is time "in custody" and automatically counts toward the service of his sentence, 3) either the Parole Commission or this Court is required to credit his sentence for the time he served on parole, and finally 4) when the parole period is properly credited, the result requires petitioner's immediate release.

Although this Court agrees with petitioner's assertion that, from July 29, 1982 until the present, he has remained, for some purposes, under the jurisdiction of the Parole Commission, this conclusion does not require automatic crediting of petitioner's sentence and his immediate release. Rather, for the reasons hereinafter stated, this Court believes that the case must be remanded to the Commission for a determination of the appropriate reduction, if any, in the amount of time petitioner is required to serve.

## II.

Without citing any authority, the government asserts that once petitioner was released on bail, he was free from the Parole Commission's jurisdiction. This Court agrees with petitioner that this assertion is neither consistent with the Commission's regulations, nor compelled by logic. Specifically, 28 C.F.R. § 2.44(d)(1980), *replacing* 28 C.F.R. § 2.46(c), provides that the issuance of a parole violator warrant does not suspend Commission jurisdiction, but rather causes it to be maintained. The regulation's passage was, in part, directed at a problem analogous to the situation at hand, namely that of a parolee against whom a

warrant had been issued, but with regard to whom execution had been stayed pending the outcome of a criminal trial. Under the earlier regulation, it had been argued that the issuance of the violator warrant, since it tolled the running of the parole term in some sense, also removed the parolee from Commission jurisdiction. Revised § 2.44(d) was promulgated to make clear that, upon issuance of the warrant, the parolee remains under Commission jurisdiction, even though the alleged violator is allowed to remain at liberty while awaiting a criminal trial. 45 Fed.Reg. 84054–84055 (Dec. 22, 1980). The regulation reflects the Commission's recognition of the fact that "[d]uring the period such a parolee is at liberty awaiting trial, the commission is still responsible to society for providing adequate supervision and control of that parolee's behavior." *Id.* at 84055. This Court sees no valid distinction, nor has the government provided any, between the situation contemplated by the regulation and that of Mr. Hebel, where bail was ordered by this Court pending final determination of the merits of the charges. In both situations, Commission jurisdiction is properly maintained. The fact that the government would have been required to request this Court to issue a warrant had petitioner absconded while on bail does not alter this conclusion, nor does the fact that the government was required to seek vacation of petitioner's bail from the Court. Nothing in the statutory or regulatory scheme indicates that this Court's and the Commission's jurisdiction over petitioner are necessarily mutually exclusive. Since the government's arguments are premised on an assumption of exclusive jurisdiction, this Court believes that they are without merit.

### III.

Despite this Court's acceptance of the first leg of petitioner's argument, it does not immediately follow that the time petitioner spent under Commission jurisdiction must be credited against his sentence. Petitioner's argument is based on his inaccurate assertion, with which the government erroneously agrees, that time spent under the jurisdiction of the Parole Commission is invariably considered to be time spent "in custody," and thus *must* be credited against petitioner's sentence under the terms of 18 U.S.C. § 3568. The two cases cited by petitioner interpreted statutes which have since been superceded, and the decision on which the government relies is inapposite.[1]

Rather, the issue is apparently governed by 18 U.S.C. § 4210(b) and the regulations promulgated thereunder. The latter statute provides that:

(b) Except as otherwise provided in this section, the jurisdiction of the Commission over the parolee shall terminate no later than the date of the expiration of the maximum term or terms for which he was sentenced, except that—...

(2) in the case of a parolee who has been convicted of a Federal, State, or local crime committed subsequent to his release on parole, and such crime is punishable by a term of imprisonment, detention or incarceration in any penal facility, the Commission shall determine, in accordance with the provisions of section 4214(b) or (c), whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed for the new offense, but in no case shall such service together with such time as

---

1. The government cites *Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963) for the proposition that "a parolee on parole supervision is considered in the custody of the Attorney General as if he were behind bars." (Government's Brief at 5.) *Jones* dealt with the issue of whether parole supervision is synonymous with "custody" for the purposes of 28 U.S.C. § 2241. *See also Hensley v. Municipal Court,* 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973) (analogous issue in context of 28

U.S.C. §§ 2254, 2255). The Court concluded that it was. That issue is distinguishable, however, from that presently before the Court. This Court's focus is not on the question of whether or not petitioner has been subjected to a severe restraint on liberty, but rather whether petitioner's parole time is to be equated with time in prison. *Jones* is not controlling in this context. *See U.S. v. Hoskow,* 460 F.Supp. 929, 931 (E.D.Mich.1978); *Ortega v. U.S.,* 510 F.2d 412 (10th Cir.1975).

the parolee has previously served in connection with the offense for which he was paroled, be longer than the maximum term for which he was sentenced in connection with such offense.

Pursuant to this statute, the Parole Commission has promulgated 28 C.F.R. § 2.52. Section (c) of that regulation states that:

(c) A parolee whose release is revoked by the Commission will receive credit on service of his sentence for time spent under supervision, except as provided below:

. . .

(2) If the parolee has been convicted of a new offense committed subsequent to his release on parole, which is punishable by a term of imprisonment, forfeiture of the time from the date of such release to the date of execution of the warrant shall be ordered, and such time shall *not* be credited to service of the sentence. *An actual term of confinement or imprisonment need not have been imposed for such conviction; it suffices that the statute under which the parolee was convicted permits the trial court to impose any term of confinement or imprisonment in any penal facility*. . . (emphasis added)

■ The above regulation, which has been held to be fully consistent with the statute, *see U.S. ex rel. Del Genio v. U.S. Bureau of Prisons,* 644 F.2d 585 (7th Cir. 1980), states the rule to be applied in cases like petitioner's. Although it is generally true that time spent on parole is to be credited against the remaining sentence of an individual whose parole is revoked, an exception to this rule arises when the ground for revocation is conviction of a crime for which imprisonment is a possible

penalty. In such a case, the regulation indicates that credit for parole time is not required.[2] This is true regardless of whether imprisonment was actually imposed.

In this case, although the parties have not specifically addressed the issue, the record indicates that the convictions, on the basis of which petitioner's parole was revoked, were potentially punishable by imprisonment, although petitioner did not in fact serve time for those offenses. Therefore, despite his assertions to the contrary, petitioner's sentence *is not automatically* required to be credited with the time during which petitioner was under the supervision of the Parole Commission. *See* n. 2, *supra.*

IV.

As the preceding analysis indicates, the Court has concluded that, during the time petitioner was on bail pursuant to the order of this Court, he was nonetheless subject to the jurisdiction of the Parole Commission. The Court has also concluded that petitioner's parole time is not necessarily to be credited against his sentence. Unfortunately, the Parole Commission treated petitioner's case somewhat inconsistently with this Court's interpretation of the legal requirements. It appears that the Commission did not believe that the period during which petitioner was released on bond was standard parole time. This is indicated by the fact that, although the Commission concluded that all "time spent on parole" should be credited against petitioner's sentence, it did *not* credit the period between July 29 and the date of its decision. Thus, given the Court's analysis in § II, *supra.,* the Commission's decision cannot stand. If petitioner is to be credited for all his parole

---

**2.** It is somewhat unclear whether the Parole Commission is absolutely prohibited from crediting the sentence of a parolee who is convicted of a crime involving possible incarceration, or whether the decision regarding credit is left within the Commission's sound discretion. The language of the regulation is mandatory; however, the conference committee report issued by the drafters of 18 U.S.C. § 4210(b) indicates that the decision was intended to be discretionary. The report states that the drafters' intent was that "a person convicted of any offense punishable by even one day of impris-

onment *would not automatically* receive credit toward service of his sentence . . ." H.R.Rep. No. 94–838, 94th Cong., 2d sess. 31–32 (1976) *quoted in U.S. ex rel. Del Genio v. U.S. Bureau of Prisons,* 644 F.2d 585, 588 (7th Cir.1980). In this case, petitioner's sentence was credited with some time spent on parole. This fact supports a discretionary interpretation of the Parole Commission's responsibilities, which this Court believes to be appropriate. Such an interpretation allows the sort of flexibility and case-by-case analysis which is generally allowed the Commission.

time, then the latter period must be included. The Commission may of course choose to exclude that time, *see* n. 2, *supra.*, but if it so decides, it must do so explicitly.

For the foregoing reasons, this cause is remanded to the Parole Commission for further determination consistent with this opinion.

IT IS SO ORDERED.