**Leonard VANES, Petitioner-Appellant,**

v.

**UNITED STATES PAROLE COMMIS-SION, Respondent-Appellee.**

**No. 83–2593.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 11, 1984.

Decided Aug. 31, 1984.

John Trebon, Phoenix, Ariz., for petition-er-appellant.

Sherry P. Herrgott, Phoenix, Ariz., for respondent-appellee.

Before SNEED and FLETCHER, Circuit Judges, and QUACKENBUSH *, District Judge.

* Honorable Justin L. Quackenbush, United States District Judge for the Eastern District of Wash-   ington, sitting by designation.

QUACKENBUSH, District Judge:

The United States Parole Commission revoked Vanes' parole by reason of excessive use of alcohol. The Commission also ordered that he forfeit his forty-five (45) months of parole "street time" based upon his conviction of driving while impaired (DWI) some twenty (20) months before the revocation. Vanes filed a petition for a writ of habeas corpus which the district court denied. We affirm the district court's denial of that portion of the writ which challenged the adequacy of the grounds for revocation, but reverse as to appellant's loss of "street time," since the Parole Commission failed to provide Vanes with pre-hearing notice of the specific violation which resulted in the loss of his parole "street time."

## FACTS

In June 1975 appellant Leonard Vanes was sentenced in United States District Court to an eight-year prison term for a conviction of conspiracy to possess and distribute heroin. He was released on parole on December 14, 1977. His parole was to expire on March 6, 1983.

On June 16, 1980, Vanes was convicted in the state of New Jersey of driving while impaired (DWI) and fined $500 together with a license revocation of one year. On May 10, 1980, Vanes had been charged with the same offense in the State of New York, although the disposition of this charge is not contained in the record. Vanes' probation officer made the Parole Commission aware of these arrests and the conviction, but recommended against the revocation of Vanes' parole, conditioned upon Vanes participating in an alcohol treatment program. The Parole Commission accepted the recommendation and Vanes' parole was not revoked.

On October 2, 1981, the Parole Commission issued a parole violator warrant for Mr. Vanes, who was then living in Arizona. The Warrant Application charged him with two parole violations: (1) excessive use of alcohol, based on a urine sample from the treatment center; and, (2) aggravated assault on a local police officer and criminal damage. Vanes was taken into custody on October 6, 1981. An additional charge of excessive use of alcohol, based upon laboratory reports for two (2) additional urine samples, was added by a Supplemental Warrant Application dated November 12, 1981.

Vanes' revocation hearing was held on December 21, 1981. At the hearing's conclusion, the examiner found that Vanes had violated his parole as charged in that he had consumed excessive amounts of alcohol and that he had assaulted a Phoenix police officer on September 18, 1981. The hearing officer recommended revocation of parole, credit of "street time" (based on the officer's examination of Vanes' record which indicated Vanes had, as yet, no new convictions since his 1977 release on parole) and that Vanes be reparoled and continued in that status until his March 1983 expiration date.

Subsequent to the December hearing, but prior to the entry of a final Order by the Parole Commission, Vanes was acquitted on the September 1981 assault charge. Based upon this change in circumstances, the Parole Commission notified appellant by Notice of Action dated January 18, 1982 that his parole action was "continue[d] for a rehearing to be scheduled as soon as possible" because "new information [the acquittal] was presented ...."

Vanes' rehearing was held on February 8, 1982. Present were the hearing examiner (not the same one who presided over the December proceeding), Vanes, his appointed counsel, and several witnesses. During the hearing the examiner questioned witnesses in regard to the excessive use of alcohol charges and the assault and criminal conduct charges. Over appellant's objections, the examiner also queried him about the May 1980 New York DWI arrest and the June 1980 New Jersey DWI conviction. Vanes apparently admitted the New Jersey conviction although the record contains no evidence as to whether this conviction could have resulted in imprisonment. Based upon the evidence before him, the

examiner found that Vanes had violated his parole conditions by (1) excessive use of alcohol and (2) the 1980 DWI conviction. The examiner recommended that Vanes' parole be revoked, that he remain in custody until April 6, 1982, at which time he be reparoled with a new full-term date of December 28, 1986 and a mandatory release date of August 15, 1985. According to the examiner, the Commission had no choice but to extend Vanes' April 1983 expiration date because the 1980 DWI conviction mandated loss of credit for all the time Vanes had been free on parole, the so-called "street time."

The Parole Commission adopted the February hearing examiner's findings and by Notice of Action dated March 3, 1982, informed Vanes that his parole had been revoked but, that he would be reparoled on April 6, 1982. The Parole Commission further held that none of the prior time spent on parole supervision (December 14, 1977 to October 6, 1981) would be credited toward his remaining sentence.

Vanes unsuccessfully appealed his loss of "street time" to both the Regional Commission and the National Appeals Board. Having exhausted his administrative remedies he then filed a petition for writ of habeas corpus in United States District Court for the District of Arizona. On October 31, 1983 the district court denied Vanes' petition, finding that "there were adequate grounds to revoke petitioner's parole other than the 1980 charges of driving

while impaired." The Order denying the petition for writ of habeas corpus did not specifically address Vanes' challenge to the loss of his "street time." Vanes filed a timely notice of appeal, properly invoking this court's jurisdiction under 28 U.S.C. § 1291.

## DISCUSSION

█ Vanes concedes that the excessive-use-of-alcohol findings were—standing alone—sufficient to support his parole revocation. He argues, however, that the 1980 DWI conviction was not a proper basis for revocation and loss of "street time" because the Parole Commission failed to provide him with pre-hearing notification that the conviction would be used as a parole violation. We agree.

### A. *Due Process:* Notice of Violation.

█ It is settled law that a parolee's liberty involves significant values protected by the due process clauses of the fifth and fourteenth amendments. *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The minimum requirements of due process include, *inter alia*, written notice of the claimed violations of parole. *Morrissey v. Brewer*, 408 U.S. at 489, 92 S.Ct. at 2604. This constitutional requirement has been incorporated into and is prescribed by statute[1], regulation[2], and the Parole Commission's procedures manual.[3] Appellant

---

1. 18 U.S.C. § 4213(c)(1) (1976) provides:
   (c) Any summons or warrant issued pursuant to this section shall provide the parolee with written notice of—
   (1) the conditions of parole he is alleged to have violated as provided under section 4209
   . . . .
   18 U.S.C. § 4214(a)(2) (1976) states:
   (2) Hearings held pursuant to subparagraph (1) of this subsection shall be conducted by the Commission in accordance with the following procedures:
   (A) notice to the parolee of the conditions of parole alleged to have been violated, and the time, place, and purposes of the scheduled hearing
       *    *    *    *    *    *
   (D) opportunity for the parolee to be apprised of the evidence against him . . . .

2. For example, sections 2.44(e) and 2.48(c) of Title 28 of the Code of Federal Regulations (1981) expressly mandate that the parolee be apprised of the alleged parole violation charges in the summons or warrant and at the preliminary interview to determine whether probable cause exists.

3. The United States Parole Commission's *Procedures Manual* (1983) contains a section, 2.50–02(b), entitled "Due Process Required by the Parole Statute" which lists, *inter alia*, a requirement that the parolee be given pre-hearing notification of the pending charges: "Notice to the parolee of the conditions of parole alleged to have been violated, and the time, place, and purposes of the scheduled hearing."

claims the Parole Commission erred by not notifying him that the 1980 DWI conviction would be used as a parole violation charge.

It is undisputed that prior to the February 8, 1982 revocation hearing Vanes was never expressly notified that the 1980 DWI conviction would be utilized as a violation charge. The DWI conviction was not listed on either the October 2, 1981 Warrant Application or the Warrant itself; nor was it mentioned in the November 12, 1981 Supplemental Warrant Application. Although the December 21, 1981 Hearing Summary contained a reference to the two 1980 DWI "arrests," it is apparent that a DWI "conviction" was not discussed with Vanes because the summary expressly stated "[h]e [Vanes] has *no* new convictions at this time and so is credited with street time." Furthermore, the January 18, 1982 Notice of Action informing appellant that his case had been continued for a rehearing simply recited "new information" (the acquittal on the state assault charges) as the reason for the rehearing. Vanes was thus put on notice that the rehearing was for the purpose of considering evidence *favorable* to his position, not that the record would be supplemented with an additional parole violation charge.

■ In spite of the Parole Commission's failure to provide appellant with pre-hearing notification of the DWI conviction charge, appellee asserts that due process was not offended. First, the Parole Commission argues that Vanes was himself aware of the DWI conviction and he should have been "on notice" that it would be considered. Second, the Commission contends that the *Morrissey v. Brewer* due process requirements are inapplicable "with respect to any admitted charges." Finally, the appellee takes the position that even if Vanes' due process rights were violated, no actual prejudice resulted.

Appellee's arguments are not persuasive. The Parole Commission in essence asks this court to put Vanes to the task of guessing what specific violation charges were to be presented at the February rehearing. If we were to adopt such a position we would not only be at right angles with the *Morrissey v. Brewer* line of reasoning which imposes the burden on the Commission to identify the charges in writing, but we would also be placing the parolee in the untenable posture of having to prepare a defense against unspecified charges. This we decline to do.

Likewise, given the facts of this case, we decline to construe appellant's admission of the 1980 DWI conviction as mooting the Parole Commission's failure to provide pre-hearing notice. The Commission knew of the 1980 driving arrests as early as August 1980 and learned of the June 1980 conviction prior to the February 1981 rehearing. Where, as here, the Parole Commission has advance information about additional charges, and in view of the minimal burden of providing pre-hearing notice of such charges, an at-hearing admission of those charges is not an adequate substitute for prior notice. *United States ex rel. Carson v. Taylor,* 540 F.2d 1156, 1160 (2d Cir. 1976); *Kloner v. United States,* 535 F.2d 730, 735 (2d Cir.), *cert. denied,* 429 U.S. 942, 97 S.Ct. 361, 50 L.Ed.2d 312 (1976); *Baker v. Turnbo,* 553 F.Supp. 53, 54 (N.D. Cal.1982).

■ With respect to appellee's argument that Vanes has shown no prejudice, we conclude otherwise. The DWI conviction triggered the loss of "street time." As discussed, *infra,* we are not convinced that forfeiture of street time was automatic. Vanes was not given the opportunity to prepare and present a defense to the forfeiture claim or even determine whether his conviction was in fact the type covered by the applicable statute.[4] The very purpose of notice and a hearing is to permit a parolee the opportunity to contest the facts and present a defense or mitigating fac-

---

4. In order for a conviction to be used as the basis for loss of street time it must have been for a "crime ... punishable by a term of imprisonment, detention or incarceration in any penal facility." 18 U.S.C. § 4210(b)(2) (1976). The record before this court does not indicate whether the 1980 New Jersey DWI conviction was such a crime.

tors. *Morrissey v. Brewer,* 408 U.S. at 488, 92 S.Ct. at 2603; *Alexander v. United States Parole Commission,* 721 F.2d 1223, 1227 (9th Cir.1983); *United States v. Diaz-Burgos,* 601 F.2d 983, 985 (9th Cir.1979).

We conclude therefore that due to the lack of pre-hearing notice the use of the 1980 DWI conviction as one of the bases for parole revocation was improper.

### B. *Forfeiture of Street Time:*

As stated previously, appellant was released from custody and placed on parole on December 14, 1977. At that time, the remaining portion of his eight-year sentence was 1,908 days, meaning that his supervised parole term would have expired on March 6, 1983. That expiration date was, however, extended to December 28, 1986 upon the Parole Commission's determination that the 1980 DWI conviction mandated the loss of "street time."

With two exceptions, the Parole Commission loses its supervisory jurisdiction over a parolee "no later than the date of the expiration of the maximum term or terms for which he was sentenced ...." 18 U.S.C.

§ 4210(b) (1976). Thus, unless one of the exceptions is operative, the Commission's jurisdiction over Vanes terminated on March 6, 1983.

Both parties agree that the applicable exception is codified at 18 U.S.C. § 4210(b)(2) (1976)[5] and interpreted at 28 C.F.R. § 2.52(c)(2) (1981).[6] Vanes argues that because the 1980 DWI conviction was an improper basis for parole revocation (as we so held in the prior section) it cannot be used as the basis for forfeiture of "street time." The Parole Commission asserts, on the other hand, that when faced with a conviction "punishable by a term of imprisonment" the Parole Commission has no choice and the forfeiture of street time is automatic, regardless of whether the conviction is used as a revocation charge. While it is true that the legislative history of section 4210(b)(2) is ambiguous[7] and the case law interpreting it is in conflict,[8] we need not decide whether forfeiture of street time is automatic. Other reasons lead us to conclude that the street time was improperly forfeited here.

---

5. 18 U.S.C. § 4210(b)(2):
   In the case of a parolee who has been convicted of a Federal, State, or local crime committed subsequent to his release on parole, and such crime is punishable by a term of imprisonment, detention or incarceration in any penal facility, the Commission shall determine, in accordance with the provisions of section 4214(b) or (c), whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed for the new offense ....

6. 28 C.F.R. § 2.52(c)(2):
   (2) If the parolee has been convicted of a new offense committed subsequent to his release of (sic) parole, which is punishable by a term of imprisonment, forfeiture of the time from the date of such release to the date of execution of the warrant shall be ordered and such time shall not be credited to service of the sentence. An actual term of confinement or imprisonment need not have been imposed for such conviction, it suffices that the statute under which the parolee was convicted permits the trial court to impose any term of confinement or imprisonment in any penal facility.
   The regulation has been challenged as being inconsistent with the statute in that the former

expressly includes convictions where no sentence of incarceration or imprisonment was in fact imposed and the latter is silent in that respect. To date, that challenge has been rebuffed. *Harris v. Day,* 649 F.2d 755 (10th Cir. 1981); *United States ex rel. Genio v. United States Bureau of Prisons,* 644 F.2d 585 (7th Cir. 1980).

7. At one point the House Conference Report states: "[A]n individual whose parole has been revoked ... *shall* receive no credit for service of his sentence from the day he is released on parole ...." Yet one paragraph later the report reads, "For example, a person convicted of any offense punishable by even one day of imprisonment would *not automatically* receive credit toward service of his sentence, even if no sentence of imprisonment was imposed." House Conference Report No. 838, Joint Explanatory Statement of the Committee of Conference, 94th Cong., 2d Sess. 32, *reprinted in* 1976 U.S.Code Cong. & Ad.News 335, 364. (Emphasis added).

8. *Compare Harris v. Day,* 649 F.2d 755, 760 (10th Cir.1981) (forfeiture automatic) *with Hebel v. Luther,* 550 F.Supp. 638, 641 n. 2 (N.D.Ill. 1982) (forfeiture is discretionary, affording the Commission needed flexibility).

■ The Supreme Court has unequivocally stated that freedom on parole is a liberty interest which is protected by the requirements of due process. *Morrissey v. Brewer*, 408 U.S. at 482, 92 S.Ct. at 2600. If, as the Court has said, due process requires that a parolee receive written notice of the violation charges against him, *id.* at 489, 92 S.Ct. at 2604, we believe that due process also requires that a parolee be informed of the charges' possible consequences. This is particularly true where one of the potential consequences is the loss of "street time," which could double the amount of time a parolee spends on parole. Providing pre-hearing notice of this serves the same purpose as the notice of the charges—it affords the parolee the opportunity to attempt to prepare any defense or mitigation. *See id.* at 488, 92 S.Ct. at 2603.

The propriety of providing notice of a violation charge's possible consequences is reflected in the applicable statute and regulation. 18 U.S.C. § 4213(c) requires "Any summons or warrant issued pursuant to this section *shall* provide the parolee with written notice of—(1) the conditions of parole he is alleged to have violated ... and (3) the *possible action* which may be taken by the Commission." (Emphasis added). Similarily, 28 C.F.R. § 2.44(e) states: "A summons or warrant issued pursuant to this section *shall* be accompanied by a statement of the charges against the parolee ... and the *possible actions* which may be taken by the Commission." (Emphasis added).

We hold, therefore, that the Parole Commission erred by failing to notify Vanes of its intent to utilize the 1980 DWI conviction and the probable loss of "street time."[9]

Accordingly, the judgment of the district court is AFFIRMED as to the adequacy of the grounds for parole revocation, but REVERSED as to Vanes' loss of "street time."

---

9. Because we reverse on the lack-of-notice issue, we need not consider whether the two-year period between the 1980 DWI conviction and the

1982 revocation hearing constituted prejudicial delay.