**Earl Edward GANDY, Petitioner,**

v.

**Pat W. KEOHANE, Warden, and U.S. Parole Commission, Respondents.**

**No. 85–2511–H.**

United States District Court, W.D. Tennessee, W.D.

Aug. 20, 1985.

Earl Edward Gandy, pro se.

W. Hickman Ewing, U.S. Atty., Reba Robinson, Asst. U.S. Atty., Memphis, Tenn., for respondents.

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

HORTON, District Judge.

Mr. Gandy, the petitioner, is currently a prisoner at the Federal Correctional Institution, Memphis, Tennessee, where he is serving a 10-year sentence for counterfeiting. He has filed a petition for a writ of habeas corpus alleging that he has improperly been denied credit toward service of his sentence for time spent on parole.

Respondent has filed a motion to dismiss or for summary judgment arguing that Mr. Gandy has not exhausted his administrative remedies and that because he was convicted of crimes punishable by a term of imprisonment while on parole, he automatically forfeits time spent on parole.

After a careful and thorough review of the entire record before the Court, it is concluded that respondents' motion to dismiss should be granted.

*Background*

In 1972, Mr. Gandy was sentenced to a 10-year term of imprisonment by the United States District Court for the Northern District of Alabama for the offense of sale, transportation and delivery of counterfeit United States obligations. He was released on parole on March 10, 1976, to an Alabama state detainer to serve a state sentence for an offense committed in 1970. At the time of his parole, he had 2,346 days remaining to be served.

The state conviction was subsequently reversed and Mr. Gandy was released from state custody on April 27, 1978. He made no attempt to contact federal parole officials upon his release claiming that he was under the impression that he was no longer on parole.

In 1979 Mr. Gandy pleaded guilty to four counts of attempted child molestation brought against him in the Circuit Court of St. Clair, Alabama. On March 11, 1980, a parole violator warrant was issued against Mr. Gandy and he was again taken into federal custody.

A parole revocation hearing was held on April 17, 1980, and Mr. Gandy was found to have violated his parole conditions by failing to report for supervision and by his having been convicted of attempted child molestation. In a Notice of Action, dated April 18, 1980, the Parole Commission revoked his parole, gave him no credit for time spent on parole (March 10, 1978 to March 10, 1980), and stated that he would be eligible for reparole, after the service of 32 months, on December 12, 1982.

On December 12, 1982, Mr. Gandy was again granted parole; he had 1,340 days remaining to be served. Another revocation hearing was held on April 8, 1985, after the Commission had learned of Mr. Gandy's March 28, 1984, conviction for assault in the third degree. In a Notice of Action dated May 3, 1985, the Commission revoked Mr. Gandy's reparole and again denied credit for time spent on parole. That decision was appealed to the National Appeals Board and according to the record before this Court, the matter is still pending.

A petition for a writ of habeas corpus was filed on May 28, 1985, in which Mr. Gandy alleges that the failure to credit time spent on parole violated the due process requirements of the United States Constitution. It is Mr. Gandy's contention that the Bureau of Prisons and the Parole Commission no longer have jurisdiction over him in that, given proper credit for time served on parole, he has already served in excess of his original 10-year sentence.

Mr. Gandy's argument is based upon the statutory and regulatory requirement that a parolee be given prior written notice of "the possible action which may be taken by the Commission." He contends that he was not given notice that the Parole Commission intended to give no credit for time spent on parole, a fact which is not contradicted by the respondents or by the record.

Respondents have answered by motion in which it is argued that petitioner has not exhausted his administrative remedies and that the applicable statutory and regulatory provisions make the forfeiture of time spent on parole automatic when a conviction punishable by imprisonment is committed while on parole. It is further argued that case law relied upon by Mr. Gandy was, in the alternative, erroneously decided, not retroactive in effect, or factually distinguishable from the present case.

*Conclusions of Law*

■ Respondents' first argument is that Mr. Gandy's petition should be dismissed because he has not exhausted his administrative remedies in that his appeal to the National Parole Board is still pending. The Court does not agree. In *McKart v. United States*, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969), a case cited by the respondents, the Supreme Court discussed the exhaustion of administrative remedies doctrine as applied in the criminal context. It was stated that the exhaustion rule should be applied only when the interests underlying the rule clearly outweigh the

prejudice to the petitioner. *Id.* at 197, 89 S.Ct. at 1664.

No such compelling governmental interest appears evident in the present case. The issue before this Court involves the interpretation of statutory and regulatory guidelines in light of constitutional due process requirements; certainly not a matter generally committed to exclusive agency discretion. The application of the exhaustion rule would be particularly inappropriate in the present case given the fact that Mr. Gandy is asserting that the Bureau of Prisons and the Parole Commission no longer have jurisdiction over him because he has completely served his original sentence. For these reasons, the Court concludes that Mr. Gandy's petition is not barred for failing to exhaust his administrative remedies.

■ Thus, the sole issue to be addressed is whether the Parole Commission violated Mr. Gandy's due process rights by failing to provide him with advance notice that forfeiture of time spent on parole was a possible consequence of his parole revocation. The Court is of the opinion that it did not.

Respondents correctly argue that, under 18, U.S.C. § 4210 (1985), Mr. Gandy's convictions of crimes punishable by a term of incarceration result in the automatic forfeiture of time spent on parole. *See also* 28 C.F.R. § 2.52(c)(2). "The plain language of § 4210 is that the measure of time remaining on the defendant's sentence, after the defendant's conviction of a second crime punishable by imprisonment, is the unexpired term remaining to be served by the defendant at the time defendant was paroled." *Harris v. Day,* 649 F.2d 755, 759 (10th Cir.1981).

Mr. Gandy does not apparently dispute the Commissioner's authority to refuse credit for time spent on parole. His argument is based upon the erroneous assumption that the Commission is required, for

purposes of due process, to notify a parolee that forfeiture of time spent on parole is a possible consequence of revocation of parole. When the grounds for revocation consist of new criminal convictions punishable by incarceration, there is no such requirement. The Supreme Court, in *Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972) held that due process is satisfied if the parolee is afforded "written notice of the claimed violations of parole." It is not disputed in the present case that Mr. Gandy received the required notices.

Mr. Gandy claims, relying on *Vanes v. U.S. Parole Commission,* 741 F.2d 1197 (9th Cir.1984), that the Commission must also notify parolees that revocation of parole may result in the forfeiture of time spent on parole. (18 C.F.R. § 244(e)[1] is also cited as supporting Mr. Gandy's contention.) Respondents urge that *Vanes* was incorrectly decided, was not intended to be retroactive and is distinguishable factually from the present case. Because the Court agrees with the latter view, no opinion is rendered on whether *Vanes* was correctly decided or intended to be retroactively applied.

In *Vanes* the parolee was subjected to revocation of his parole and forfeiture of time spent on parole based upon a conviction, admitted by the parolee at the hearing, for Driving While Intoxicated. The original warrant did not apprise him of the fact that the conviction would be used as a basis for the Commission's determination. The Court noted that the record did not indicate whether the DWI conviction was punishable by imprisonment, *Vanes,* 741 F.2d at 1200, n. 4.

The Court held that because the Commission had not complied with the applicable statutory and regulatory notice requirements regarding "possible consequences," the parolee had been denied due process in that he was not afforded the opportunity to

---

**1.** § 244(e) states in part: A summons or warrant issued pursuant to this section shall be accompanied by a statement of charges against the parolee, the applicable procedural rights un-

der the Commission's regulations and the *possible actions which may be taken* by the commission.

**28**

prepare a defense or mitigation. *Id.* at 1202.

In the present case, Mr. Gandy suffered no prejudice similar to that suffered by the parolee in *Vanes*. He was properly notified that the new convictions would be considered by the Commission. Any defense or mitigation argument available to Mr. Gandy to prevent revocation of his parole was identical to that required to prevent forfeiture of time spent on parole. If the new conviction was punishable by a term of incarceration, that forfeiture is automatic if the new convictions result in parole revocation. *Harris*, 649 F.2d at 760; *see also* 18 U.S.C. § 4210(b)(2); 28 C.F.R. § 252(c)(2). Thus Mr. Gandy's due process rights were not violated nor did he suffer any prejudice whatsoever.

Mr. Gandy has also offered, as support for his argument, the fact that the Commission is currently notifying suspected parole violators of the possibility that time spent on parole may be forfeited. However, this is not relevant to the determination of the minimum notification required by due process consideration. If the Commission chooses to go beyond the requirements of due process for future warrants, that decision does not in any way affect the question of whether Mr. Gandy's due process rights had been previously violated.

For these reasons, the Court concludes that the respondents are, as a matter of law, entitled to an order granting the motion to dismiss for failure to state a claim upon which relief can be granted. It is so ORDERED this 20th day of August, 1985.