**Terry BOWEN, Plaintiff-Appellant,**

v.

**U.S. PAROLE COMMISSION and Robert J. Christensen, Defendants-Appellees.**

No. 85–5919.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 23, 1986.

Decided Dec. 5, 1986.

Terry Bowen, pro se.

Patricia Collins, Asst. U.S. Atty., Los Angeles, Cal., for defendants-appellees.

Before FARRIS, BEEZER, and BRUNETTI, Circuit Judges.

FARRIS, Circuit Judge:

The panel unanimously agrees that this case may be submitted without oral argument.

Terry Bowen was sentenced in federal court in 1971 to fifteen years' imprisonment for armed robbery, and released on parole in 1982. He had been free for approximately twenty-one months when he was arrested by the State of California on two counts each of assault and robbery. He was convicted and sentenced for the two robbery counts, the sentences to run consecutively. The assault charges were dismissed. Upon receiving notice of these violations of his parole, the United States Parole Commission placed a warrant as detainer against Bowen while he was serving his state sentences and executed it upon his release from state custody on January 16, 1984.

A hearing before the Parole Commission on March 7 considered whether Bowen's parole should be revoked. On March 20, the Commission notified Bowen that he would be required to serve all of the time remaining on his 1971 federal sentence, without credit for the time he had been free on parole, and that he would again be eligible for parole after 78–110 months less the twenty-one months he had already spent in state custody.

The regulatory provisions governing revocation of parole allow the Commission to give credit for "street time," which is time spent free on parole, when calculating the time remaining on a parole violator's original sentence. 28 C.F.R. § 2.52(c). Under 28 C.F.R. § 2.52(c)(2), however, this "street time" is forfeited where the violation of parole consisted of a conviction for any crime punishable by imprisonment.

In his petition for a writ of habeas corpus, Bowen's main contention is that he was not given adequate notice prior to the parole hearing that his state convictions could be used to deny street time. He argues that this is a violation of his right to due process, and that it conflicts with our decision in *Vanes v. United States Parole Commission*, 741 F.2d 1197 (9th Cir.1984).

■ Claims of constitutional violations by the Parole Commission are reviewed *de novo*. *Wallace v. Christensen*, 802 F.2d 1539, 1550 (9th Cir.1986). In reviewing a decision of the district court, we may affirm on any ground finding support in the record. *Salmeron v. United States*, 724 F.2d 1357, 1364 (9th Cir.1983).

## ADEQUATE NOTICE UNDER *VANES*

In *Vanes*, Vanes' parole had been revoked shortly after he was arrested for excessive use of alcohol and assault on a police officer. Following acquittal on these charges, he received a notice of a rehearing of his parole action, based upon this "new information." At rehearing, Vanes' parole was again revoked on the basis of his excessive drinking, but he was denied credit for street time because of his conviction, a year and a half earlier, for driving while intoxicated. The notice provided no indication that the prior conviction would be raised against Vanes at the hearing. We reversed the denial of street time, holding that due process requires written notice to the parolee of the alleged violations prompting a revocation proceeding. *Vanes*, 741 F.2d at 1199–1200. We held further that "due process also requires that a parolee be informed of the charges' possible consequences," to allow the parol-

ee sufficient time to prepare a defense to the charges or to marshal evidence in mitigation. *Id.* at 1202.

■ The written notice in this case meets the standard of *Vanes*. It informed Bowen that the robbery convictions and assault charges would be at issue in the revocation hearing. In addition it stated: "If revocation is ordered, the Commission will also determine whether to reparole you or to require service of all or any part of your violator term." This provided notice that Bowen might be required to serve all of the time remaining on his federal sentence, without credit for street time, as a consequence of his parole violations.

Because he was not aware that a prior conviction could be used against him, Vanes could not have known that he was faced with the loss of street time before the hearing. Only convictions can result in the denial of street time under 28 C.F.R. § 2.52(c)(2). Vanes had good reason to believe that denial of street time would not be an issue at the hearing, and should have been notified to the contrary.

Bowen, on the other hand, should have known that he might not receive credit for street time under the parole revocation provisions as surely as he knew that those provisions allowed for the credit of street time under most circumstances. Bowen's parole violations included two convictions for robbery. It was therefore obvious that § 2.52(c)(2) applied. It is not required that written notice recount each of the statutory and regulatory provisions that might enter into the determination of whether all, none, or part of the original sentence will be revisited on the parole violator. The requirements of *Vanes* are satisfied if the parolee knows the charges against him and the possible penalties.

■ Bowen's fallback position is that he never received a written notice of the revocation hearing from the Parole Commission. The Hearing Summary shows that Bowen was present, and elected not to request appointment of counsel. The revocation hearing and two administrative ap-

peals have gone forward without any indication from Bowen that he had no written notice. We will not consider this new argument on a petition for habeas corpus. *Tatum v. Christensen,* 786 F.2d 959, 964 (9th Cir.1986).

CREDIT FOR TIME IN STATE PRISON

Bowen also argues that he was not given credit in recalculating his federal sentence for the time he spent in state custody on the state robbery convictions. This claim indicates his misunderstanding of the regulations. Under 28 C.F.R. § 2.21(b)(3), time in state custody is applied for "purposes of satisfaction of the reparole guidelines." That section expressly provides that "[t]his does not affect the computation of the expiration date of the violator term...." The Commission's Notice of Action dated March 20 shows that Bowen has been given credit for the twenty-one months he spent in state prison, and will be eligible for parole in much less time than the 78–110 months indicated by the guidelines.

THE COMMISSION'S USE OF
DISMISSED CHARGES

Finally, Bowen argues that the Parole Commission abused its discretion in considering at his revocation hearing the assault charges that were later dropped. We lack jurisdiction to consider whether the Commission has abused its discretion. We review only where the Commission has acted outside its statutory limits, or disregarded the parole guidelines without good cause. *Wallace v. Christensen,* 802 F.2d 1539, 1549–50 (9th Cir.1986). Bowen also argues that the use of those unadjudicated charges is a violation of due process. Bowen's violations of parole were classified as of "Category Seven severity" because bodily injury was inflicted in the course of each of the robberies. It does not violate due process for the Commission to consider unadjudicated allegations in determining the parolee's "offense severity rating" under the guidelines. *Grattan v. Sigler,* 525 F.2d 329, 331 (9th Cir.1975).

AFFIRMED.