**Lewis L. BONIFACE,**
**Petitioner–Appellant,**

v.

**P.M. CARLSON, Warden, Federal Correctional Institution, Phoenix, et al., Respondents–Appellees.**

**No. 87–1631.**

United States Court of Appeals, Ninth Circuit.

Submitted July 15, 1988 *.

Decided Sept. 15, 1988.

Lewis L. Boniface, Phoenix, Ariz., pro se.

Booker T. Evans, Asst. U.S. Atty., and W. Allen Stooks, Asst. U.S. Atty., Phoenix, Ariz., for respondents-appellees.

---

* Honorable Leland C. Nielsen, Senior United States District Judge for the Southern District of California, sitting by designation.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a).

Before BROWNING and HUG, Circuit Judges, and CURTIS,** District Judge.

PER CURIAM:

Lewis L. Boniface, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2241 petition for a writ of habeas corpus and his motion for expansion of the record. Boniface contends that the Parole Commission denied him due process by refusing him credit for street and state jail time and by failing to warn him of the possibility of this forfeiture before his parole revocation hearing. He further contends that he needed the bail hearing transcript to prove that bail was denied solely because of the pending federal detainer in which case he would be entitled to credit for the time he would otherwise have been free.

FACTS

Boniface is serving the unexpired term on two prior federal sentences following the revocation of his parole. In 1970, a federal court sentenced Boniface to eight years on a marijuana charge upon which he was released on parole in 1973. In July 1975, another federal court sentenced him to ten years on an explosives charge, and on December 21, 1978, he was released on parole from that sentence but was taken into custody for parole violation and was sentenced to serve the remainder of this 1970 marijuana sentence. On December 24, 1981, he was mandatorily released from the 1970 sentence.

On June 3, 1982, Boniface was arrested in Florida on state kidnapping and armed robbery charges. He was tried, convicted, and sentenced to five years in the state penitentiary, but before that sentence was imposed he was denied two requests for release on bail. On December 7, 1984, he

** The Honorable Jesse W. Curtis, United States District Judge for the Central District of California, sitting by designation.

1. Petitioner does not challenge the Parole Commissions denial of his good time as such, but only asserts that he was entitled to notice that it might be forfeited.

was released from state custody and delivered into federal custody to serve the remainder of his two federal terms.

Although Boniface formally requested the Bureau of Prisons to credit him with the street time and the period of incarceration in Florida while the federal detainer was pending, the Parole Commission denied his request.

Boniface petitioned for a writ of habeas corpus, alleging he was denied due process in that the Parole Commission did not notify him prior to the hearing that it intended to revoke his street time credit.[1] He also moved for an expansion of the record to include a transcript of the bail hearing in the state court which refused him bail, which he alleges was because of a federal detainer which had been filed against him. The district court adopted the magistrate's report and recommendation and denied Boniface's petition and motion for expansion of the record. Boniface timely appeals, and we have jurisdiction pursuant to 28 U.S.C. § 2253.

## I. DENIAL OF STREET TIME CREDIT

Boniface contends that the district court erred in failing to credit his time spent on parole (street time) against his federal parole violation sentence despite the fact that the Parole Commission violated 18 U.S.C. § 4213(c)(3) by not giving him advance notice that his street time was subject to forfeiture.

In *Vanes v. United States Parole Commission*, 741 F.2d 1197 (9th Cir.1984), we held that 18 U.S.C. § 4213(c)(3)[2] requires notification that street time credit may be subject to forfeiture. The government does not dispute the fact that Boniface did

2. Section 4213(c)(3) provides:
   Any summons or warrant issued pursuant to this section shall provide the parolee with written notice of ... the possible action which may be taken by the Commission.

not receive notification. Rather, it maintains that this court should not retroactively apply *Vanes*. This court expressly rejected this argument in *Raines v. United States Parole Commission*, 829 F.2d 840, 843 (9th Cir.1987), holding that *Vanes* did not set out new law as 18 U.S.C. § 4213(c) required notice even before *Vanes* was decided. The government insists, however, that a lack of notice of the consequences of the parole revocation process by itself does not violate due process, rather it contends a showing of prejudice is also required, and that since Boniface did not show such prejudice he suffered no violation of due process. Neither *Raines* nor *Vanes* required a showing of prejudice and there is no indication that any such showing was made. It would appear that forfeiture is not automatic or certain but is discretionary with the Commission. If that is so, when an inmate is summoned to appear at his parole revocation hearing at which the Parole Commission has discretion to elect several alternatives of varying degrees of severity, an inmate is prejudiced if he is not fully informed of the nature of the charges and the possible consequences in order to present any mitigating circumstances which he wishes to present. *See Vanes*, 741 F.2d at 1202. And this is so notwithstanding a probability that the Commission will not be influenced thereby. Being deprived of this right is all the prejudice necessary to support his claim of lack of due process.

The judgment of the district court therefore as to Boniface's loss of street time must be reversed for lack of sufficient notice of the possibility of forfeiture of his street time.

## II. DENIAL OF EXPANSION OF RECORD

Boniface contends that the district court abused its discretion in denying this motion for expansion of the record to include the bail hearing transcript. With the bail hearing transcript, Boniface seeks to prove that the state court denied bail solely because of the pendency of a federal detainer and that, therefore, he is entitled to credit for the time he would have been out free on bail.

A prisoner in state custody who cannot secure his release on bail because of a federal detainer is entitled to credit against his federal sentence for the time he would otherwise be out free on bail. *See* 18 U.S. C.A. § 3568 (West 1985) (repealed 1984, effective Nov. 1, 1986). To secure this credit, however, the prisoner must establish not only that the federal detainer was the sole reason for the denial of bail, *see United States v. Blankenship*, 733 F.2d 433, 434 (6th Cir.1984); *United States v. Dovalina*, 711 F.2d 737, 740 (5th Cir.1983); *United States v. Short*, 623 F.Supp. 62, 63 (D.Nev.1985), but also that the state did not credit his state sentence for that time. *See Vignera v. Attorney General of the United States*, 455 F.2d 637, 638 (5th Cir.1972).

Since the State of Florida gave Boniface credit on his state sentence for the period of time he was denied release on bail, he is not entitled to credit against his federal sentence for the same period of time. The trial court therefore did not abuse its discretion in denying his motion for expansion of the record and is affirmed on this issue.

The judgment of the trial court is affirmed in part and reversed in part. This case is remanded to the district court for the purpose of ordering the Parole Commission to grant petitioner a new hearing upon proper notice.