Dennis W. ZITTO, Petitioner–
Appellant,

v.

Joseph CRABTREE, Warden,
Respondent–Appellee.

No. 98–35518.

United States Court of Appeals,
Ninth Circuit.

Submitted July, 15, 1999.[1]

Decided July 27, 1999

Dennis W. Zitto, Sheridan, Oregon, in pro se for the petitioner-appellant.

Craig J. Casey, Assistant United States Attorney, Portland, Oregon, for the respondent-appellee.

Before: GOODWIN, FLETCHER, and TASHIMA, Circuit Judges.

PER CURIAM:

Dennis W. Zitto appeals pro se from the district court's order denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Zitto contends that the Parole Commission ("Commission") violated his due process rights by not notifying

---

1. The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

him in writing prior to his parole revocation hearing that his 1991 Driving Under the Influence ("DUI") conviction would be used as a basis for forfeiting his time spent on parole ("street time"). We affirm.

Zitto was convicted in 1987 in the Western District of Louisiana on one count of intent to defraud by use of unauthorized access device in violation of 18 U.S.C. § 1029(a)(2) and one count of conspiracy to defraud by use of counterfeit access devices in violation of 18 U.S.C. § 371. Zitto was sentenced to ten years imprisonment for the first count and five years of probation for the second count.

Zitto was released on parole on March 8, 1991, to remain under parole supervision until the expiration of his sentence on November 7, 1997. By letter dated September 21, 1992, the Commission learned that Zitto had been convicted of driving under the influence of alcohol and sentenced to 365 days in jail (364 suspended). The U.S. Probation Officer recommended that no action be taken in response to this information, and the Commission concurred. On November 7, 1996, Zitto's parole officer sent the Commission a letter informing it of several parole violations. A preliminary hearing was held during which Zitto admitted making two fraudulent loan applications but denied that he drove with a suspended license and falsified supervision reports and income tax returns. The Commission issued an arrest warrant. The warrant stated that the Commission could revoke Zitto's parole if, after a revocation hearing, he was found to have violated the conditions of his release. The warrant also informed Zitto that if he were convicted of a "new offense (committed while on parole) which is punishable by a term of imprisonment ... the Commission [would] exercise discretion, ... prior to ordering the forfeiture of sentence credit for time spent on parole."

Zitto was arrested pursuant to the warrant. Prior to his hearing, the Commission provided Zitto with written notice that it would consider the following charges to revoke parole: two counts of fraud, driving with a suspended license, and falsifying parole documents and IRS tax returns. However, the Commission did not provide written notification that it would also consider the DUI conviction as a basis for forfeiting Zitto's street time.

At the hearing, the examiner acknowledged that Zitto had not received pre-hearing notice that his 1991 DUI conviction would be considered in determining whether his street time would be forfeited if his parole was revoked. The examiner then informed Zitto that he intended to consider the DUI conviction for this purpose and asked Zitto if he would like a continuance in order to hire an attorney and prepare a defense. Zitto declined the offer, and the hearing proceeded. Before issuing a decision, the examiner again told Zitto that he would consider the DUI as a possible reason to forfeit street time and asked if he would like a continuance to prepare a defense and hire an attorney. Zitto declined a second time. Subsequently, Zitto's parole was revoked, and his street time was forfeited.

█ We review *de novo* a district court's decision to grant or deny a petition for writ of habeas corpus brought pursuant to § 2241. *See United States v. Pirro*, 104 F.3d 297, 298 (9th Cir.1997).

█ Constitutional due process, as incorporated into and codified in 18 U.S.C. § 4213,[2] the regulations promulgated pursuant to § 4213, and the Parole Commission's procedure manual each require written notice of the conditions of parole that

---

2. Section 4213 provides:

(c) Any summons or warrant issued pursuant to this section shall provide the parolee with written notice of—

(1) the conditions of parole he is alleged to have violated as provided under section 4209;
(2) his rights under this chapter; and
(3) the possible action which may be taken by the commission.

the parolee may have violated and the potential consequences that may be imposed if parole is revoked, including loss of street time. *See Vanes v. United States Parole Comm'n,* 741 F.2d 1197, 1199 (9th Cir.1984). Thus, "[b]eing deprived of this right is all the prejudice necessary to support [a petitioner's] claim of lack of due process." *Boniface v. Carlson,* 856 F.2d 1434, 1436 (9th Cir.1988).

■ The purpose of the due process requirement is to allow the parolee adequate time to prepare a defense and determine whether the conviction is one that can be used to forfeit street time. *See Vanes,* 741 F.2d at 1200. This is especially important because the forfeiture of street time is discretionary. *See id.*

■ Although Zitto did not receive written notice that his DUI conviction would be used as a basis for forfeiting his street time, he was given oral notice by the examiner and allowed an opportunity for a continuance. The examiner offered to continue the hearing for the express purpose of allowing Zitto to hire a lawyer or otherwise prepare for a defense. In this instance, we hold that Zitto was afforded the same opportunities to prepare for a defense as he would have received through the written pre-hearing notification required by 42 U.S.C. § 4213. His due process rights were not violated.

AFFIRMED.