959 F.2d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roger Lee PARKER, Petitioner-Appellant,
v.
J.J. CLARK; Parole Commission, Respondents-Appellees.
 No. 91-6444.
 United States Court of Appeals, Sixth Circuit.
 April 7, 1992.
 
 Before KEITH, Circuit Judge, LIVELY, Senior Circuit Judge, and TIMBERS, Senior Circuit Judge.*
 
 ORDER
 
 1
 Roger Lee Parker, a pro se federal prisoner confined at FCI, Memphis, Tennessee, appeals the district court's order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Additionally, Parker requests the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On February 13, 1976, Parker was convicted in the United States District Court for the Eastern District of Missouri of armed bank robbery. He was sentenced to fifteen years imprisonment under 18 U.S.C. § 4208(a)(2), now repealed.
 
 
 3
 Parker was first paroled from this sentence on December 15, 1978, and was returned to prison as a result of a parole violator warrant issued on August 7, 1981. After a hearing, Parker's parole was revoked, and the Parole Commission ordered that none of the time spent on parole be credited toward his sentence.
 
 
 4
 Parker was re-paroled on August 7, 1982, and although he had numerous arrests, he continued on parole until a second parole violator's warrant was issued on July 10, 1987. At the second parole revocation hearing, the Parole Commission ordered his re-parole revoked, and that none of the time spent on parole be credited toward the service of his sentence. The Commission also found evidence to support their decision to exceed the guideline range by five months. The Commission's decision was upheld throughout the administrative appeal process.
 
 
 5
 On January 4, 1991, Parker filed his habeas petition in the District Court for the Western District of Tennessee challenging his 1987 parole revocation and subsequent forfeiture of his street time. Specifically, Parker claimed the following: 1) that the Parole Commission erred in rating his offense behavior as Category V since the victim of the assault for which he was convicted, his nephew, actually received no bodily injury; 2) that the Parole Commission arbitrarily applied the parole guidelines to him when his parole was revoked and in effect changed his sentence from a 18 U.S.C. § 4208(a)(2) sentence to a twelve years, thirteen days sentence under 18 U.S.C. § 4205(b)(2); and 3) that the sentencing court erred in not imposing a sentence on him under the Youth Correction Act.
 
 
 6
 The matter was referred to a magistrate judge who issued a report recommending that the petition be denied. The magistrate judge held: 1) that the Parole Commission had some evidence that Parker had committed an assault that resulted in bodily injury; 2) that the Parole Commission's substantive decision to grant or deny parole was an action committed to the Commission's discretion and was insulated from judicial review; 3) that the Parole Commission had the discretion to depart from its guideline range, which it was amply justified in doing because of Parker's "atrocious behavior" after being paroled twice; 4) that Parker's claim regarding his sentence under 18 U.S.C. § 4208(a)(2) was not an issue properly presented under 28 U.S.C. § 2241; and 5) that Parker's claim regarding the Youth Correction Act was not an issue properly presented under 28 U.S.C. § 2241.
 
 
 7
 In his "response" to the magistrate judge's report and recommendation, Parker did not specifically object to the report and recommendation but instead raised the following new claims: 1) that according to the statutes in effect at the time of his sentencing he was entitled to credit against his sentence for his street time; 2) that he was denied due process when his street time was taken without prior notice that a violation of his parole could result in its forfeiture; 3) that the Parole Commission lacked authority under 18 U.S.C. § 4210(b)(2) to take his street time because 28 C.F.R. § 252(c)(2) impermissibly changes the scope of the statute by making the street time forfeiture mandatory; and 4) that he was denied due process because the Parole Commission allegedly withheld certain documents from him during his parole revocation hearing.
 
 
 8
 After a de novo review of the magistrate judge's report and recommendation and Parker's "response," the district court issued a separate opinion addressing the merits of the claims raised in Parker's "response." The court held: 1) that the extension of Parker's mandatory release resulted from the revocation of his parole and the Commission's decision not to credit his sentence with the time he spent on parole; 2) that under the statute in effect at the time of Parker's conviction and sentence, see 18 U.S.C. § 4208 (repealed 1976), Parker was not entitled to credit for his street time; 3) that the Commission was not required to give Parker notice that his conviction might result in forfeiture of his street time, see Morrissey v. Brewer, 408 U.S. 471, 489 (1972); Gandy v. Keohane, 617 F.Supp. 25, 27 (W.D.Tenn.1985); and 4) that Parker was not denied due process when the Parole Commission allegedly withheld documents from him during his parole revocation hearing.
 
 
 9
 Upon review, we affirm the district court's order for the reasons stated by that court.
 
 
 10
 Accordingly, the request for counsel is denied and the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William H. Timbers, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation