967 F.2d 585
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gene F. CRISWELL, Petitioner-Appellant,
v.
Rob ROBERTS, Warden, FCI; Bureau of Prisons; U.S. Attorney
Office; U.S. Marshal's Office, Respondents-Appellees.
 No. 90-15357.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1992.*
Decided June 26, 1992.
 
 Before JAMES R. BROWNING, ALDISERT** and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Gene F. Criswell appeals the dismissal of his petition for habeas corpus filed under 28 U.S.C. § 2255. Criswell contends that the Federal Bureau of Prisons should have accepted custody of him from state authorities so that he could have served his state sentence concurrently with his federal sentence.[1] Because the Bureau of Prisons did not accept custody of Criswell, he contends that he is entitled to credit for time served in state prison against the remainder of his federal sentence and probationary period. We disagree.
 
 
 3
 Criswell was convicted in federal court on October 19, 1981, for securities violations and interstate transportation of stolen vehicles. He was committed to federal custody for seven and one half years. On December 27, 1983, Criswell escaped from Stafford Prison Camp in Arizona, which caused him to be placed on escape status by the Federal Bureau of Prisons.
 
 
 4
 On July 7, 1984, Criswell was arrested by California authorities on state charges unrelated to the previous federal charges, and a federal detainer was lodged against him. As part of a plea bargain with the state, Criswell pled guilty before a state judge and was sentenced to three years in state prison. The state judge indicated that the state sentence was to run concurrently with any prior uncompleted sentences.
 
 
 5
 On September 7, 1984, Criswell was taken to state prison. He was not returned to federal prison authorities. Criswell filed a Motion for Speedy Trial under 18 U.S.C. § 3161 and was transported as a state prisoner to federal court for trial on the escape charge. Following a plea of guilty to the escape charge, the federal court sentenced Criswell to serve a three year term to run consecutively with the federal sentence that he had been serving at the time of his escape. Criswell was then returned to California state authorities to serve his state term.
 
 
 6
 On November 7, 1985, the California Court of Appeal ordered the state trial court to issue an order transferring Criswell to federal authorities so that he might serve his state term concurrently with the remaining federal terms. However, Criswell was not transported to federal authorities until April 22, 1986 because the Federal Bureau of Prisons decided not to accept custody of him until he completed his state sentence.
 
 
 7
 After Criswell was accepted by federal prison authorities, he filed the instant petition for habeas corpus. The district court dismissed the petition on the ground that the Federal Bureau of Prisons is not required to accept custody of a state prisoner to enable him to serve his state and federal sentences concurrently. As a result, Criswell was given no credit against his original federal sentence for time spent in state custody. Criswell has since been released. He contends that he is entitled to credit on his remaining federal term of probation for time served in California state prison. We have jurisdiction to hear this appeal under 28 U.S.C. § 1291. We affirm.
 
 
 8
 In Raines v. U.S. Parole Commission, 829 F.2d 840 (9th Cir.1987), we held that a federal parole violator was not entitled to credit towards his federal sentence for the time spent in the Oregon state prison, despite the fact that the state sentence was made to run concurrently with the remaining federal sentence. Although "Raines's claim has intuitive appeal ... there is no statutory provision that accords a [state] prisoner credit against a federal sentence for time served in a state prison on [an unrelated] state charge." Id. at 843. There appears to be no basis upon which to grant the requested habeas relief.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Title 18 U.S.C. § 3621(a) states "[a] person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until expiration of the term imposed...."