37 F.3d 1504
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Damian Ignacio CANO, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-16761.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Oct. 6, 1994.
 
 Before: BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court granted Damian I. Cano's motion under 28 U.S.C. Sec. 2255, and ordered the Bureau of Prisons to release Cano from federal prison on August 24, 1993. Cano was released as ordered. Cano appeals the district court decision, however, because he claims the district court did not grant all relief requested and due. Neither party contests the district court's decision that, under the terms of the plea agreement, Cano was entitled to credit for time served from July 15, 1989. We have jurisdiction under 28 U.S.C. Sec. 1291, and we dismiss the appeal.
 
 
 3
 * On September 5, 1991, Cano pled guilty to conspiring with intent to distribute cocaine (21 U.S.C. Sec. 846) and interstate and foreign travel in aid of racketeering (18 U.S.C. Sec. 1952). On January 30, 1992, he was sentenced to six and one-half years imprisonment on one count, and five years probation to run consecutive to the imprisonment on the other count. The written plea agreement accepted by the district court at sentencing specified that Cano would receive credit for time served starting July 15, 1989, the date he was transferred from the United Kingdom to the United States. Cano was serving time on a conviction in the United Kingdom both before and after that transfer.
 
 
 4
 Cano moved pro se under 28 U.S.C. Sec. 2255, to vacate, set aside, or correct his six and one-half year sentence. He claimed the government breached the plea agreement because the Bureau of Prisons, despite requests from the United States Attorney's office, would not grant credit for time served from July 15, 1989, as specified in the plea agreement. In his memorandum in support of the motion, Cano also claimed that the plea agreement entitled him to all available good time, and that the Bureau of Prisons was improperly denying him good time credit by refusing to aggregate his United Kingdom and United States sentences. Cano claimed that his proper release date should be April 4, 1993.
 
 
 5
 On August 4, 1993, the district court found that Cano's plea bargain had not been upheld by the Bureau of Prisons because the Bureau had not granted credit for time served from July 15, 1989. The court granted Cano's Sec. 2255 motion and ordered his release on August 24, 1993. The court stated that it had, along with the U.S. Attorney's Office and Cano and his attorney, computed Cano's release date based upon credit for time served as specified in the plea agreement. The court stated that the release date was calculated assuming that Cano earned all available good time credit. Cano was released as ordered.
 
 
 6
 Cano now appeals the district court's decision, claiming that although the release date allowed credit for time served as specified in the plea agreement, the August 24, 1993 release date did not include all available good time credit because it was not based upon aggregated sentences. Cano asserts that the government therefore has not kept the plea agreement because Cano received more punishment than the plea agreement called for, and that he should thus be allowed to withdraw his guilty plea.
 
 II
 
 7
 A petition for habeas corpus generally becomes moot when a prisoner is released from custody before a court has addressed the merits of the petition. Robbins v. Christianson, 904 F.2d 492, 494 (9th Cir.1990). However, the courts recognize an exception to the general mootness rule in those cases where the prisoner can show that he will suffer collateral legal consequences if the challenged conviction is allowed to stand. Id. We lack jurisdiction to decide moot cases. Sample v. Johnson, 771 F.2d 1335, 1338 (9th Cir.1985), cert. denied, 475 U.S. 1019 (1986).
 
 
 8
 Cano alleges that a collateral consequence of the challenged term of imprisonment from which he has been released is that he started serving his consecutive sentence approximately five months later than if good time had been credited on aggregated sentences. He is mistaken.
 
 
 9
 A decision that Cano should have received more good time credits on the sentence from which he has been released would have no collateral legal consequences on his consecutive sentence of five years probation. Good time credits reduce only the period of incarceration, not the sentence itself. Raines v. United States Parole Comm'n, 829 F.2d 840, 844 (9th Cir.1987). A prisoner who has served his term, less good time deductions, is released as if on parole until the expiration of the maximum term for which he was sentenced. Id. To the extent that Cano's appeal is a challenge to the district court's computation of his release date, therefore, we dismiss the appeal as moot.
 
 III
 
 10
 Cano also claims, however, that his conviction should be vacated because his plea agreement was rendered involuntary when the government did not credit him with all available good time. Insofar as the Sec. 2255 motion challenges Cano's conviction, it is not moot because a felony conviction has clear collateral consequences, such as interfering with one's ability to obtain certain kinds of employment. See Lane v. Williams, 455 U.S. 624, 632-34 (1982).
 
 
 11
 Cano's written plea agreement does not include any reference to good time credits or the aggregation of sentences. Cano claims that although aggregation and good time credits were not specifically mentioned in the agreement's terms, the government is bound to apply the law regarding aggregation to Cano's sentences, as it would to any other person's sentences. Cano thus challenges the Bureau of Prisons' determination of his eligibility for certain good time credits, not whether the terms of his plea agreement were breached. He challenges the execution of the sentence from which he has already been released. Such a challenge does not implicate the validity of the plea agreement, and therefore is not a challenge to the underlying conviction. The challenge to the length of the term of imprisonment from which Cano has been released is moot.
 
 IV
 
 12
 Cano claims for the first time, in a memorandum he filed after filing his reply brief, that his conviction should be vacated as a violation of double jeopardy because, prior to his criminal conviction, he was punished for the same conduct by civil forfeiture of his residential property.
 
 
 13
 We do not generally address arguments raised for the first time on appeal. United States v. Winslow, 962 F.2d 845, 849 (9th Cir.1992). We decline to do so here. The facts underlying Cano's double jeopardy claim should have been presented in the first instance to the district court.
 
 
 14
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3