**Antolin ANDREWS, Plaintiff—Appellant,**

v.

**Henry LOPEZ; et al., Defendants—Appellees.**

No. 02–16779.

D.C. No. CV–01–02018–FCD.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 11, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Antolin Andrews, a California state prisoner, appeals pro se the district court's judgment dismissing, pursuant to 28 U.S.C. § 1915A(a), his 42 U.S.C. § 1983 action challenging the constitutionality of the California parole system. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998) (order), and affirm.

The district court properly dismissed Andrews's action because a favorable judgment would necessarily imply the invalidity of his past and present sentences. *See Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Raines v. U.S. Parole Com'n*, 829 F.2d 840, 844 (9th Cir.1987) ("Term of imprisonment includes time on parole."); Cal.Penal Code § 3000(b)(5) ("Upon successful completion of parole, . . . the inmate shall be discharged from custody.").

Because Andrews's claims are not cognizable in this litigation, the district court did not err by denying his request for a three-judge court. *See* 28 U.S.C. § 2284(a); *see also* 28 U.S.C. § 636(b)(1)(A).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Andrews's motion for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.