Barton Lee MURPHY, Petitioner–
Appellant,

v.

Robert A. HOOD, Warden,
FCI Sheridan, Oregon,
Respondent–Appellee.

No. 01–35140.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 19, 2001

Filed Dec. 27, 2001

Stephen R. Sady, Chief Deputy Federal Public Defender, Portland, Oregon, for the appellant.

Thomas M. Gannon, Department of Justice, Washington, DC, for the appellee.

Before: KLEINFELD and GOULD, Circuit Judges, and ROLL, District Judge.*

* The Honorable John M. Roll, United States District Judge for the District of Arizona, sit-   ting by designation.

ROLL, District Judge:

Petitioner Barton Lee Murphy (Murphy) appeals from the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The petition was filed after he was admitted to the Bureau of Prison's (BOP) drug treatment program but was later denied the opportunity to complete the program because he was deemed a flight risk based upon a prior escape conviction. This determination resulted in Murphy's ineligibility for a reduction in the time he would be required to serve. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1991, Murphy was convicted of thirteen drug charges in the District of New Mexico, including conspiracy to possess with intent to distribute cocaine. His sentences were enhanced by a prior importation of cocaine conviction from 1984. On the conspiracy count, Murphy was sentenced to 120 months imprisonment to be followed by an eight year period of supervised release. Sentences on all other counts were ordered to run concurrently with the conspiracy count.

On December 5, 1992, while serving his prison sentences at the unsecured minimum security federal prison camp at La Tuna, Texas, Murphy escaped by walking away. Murphy fled to Mexico and was not located until June 1994. Extradition resulted in his return to the United States in October 1994.

Murphy was charged with escape and, following a plea of guilty, was sentenced to 18 months imprisonment and a three year term of supervised release. The imprisonment term was ordered to run consecutive to the sentences Murphy was serving when he escaped.

Since his return to custody in 1994, Murphy has been a model prisoner.[1] In November 1998, the BOP found Murphy eligible to participate in its drug treatment program. Successful completion of the program may result in a reduction of up to one year in a prisoner's sentence. 18 U.S.C. § 3621(e)(2)(B).[2] At the time Murphy entered the drug treatment program, the program had three phases: 1) an institutional program phase; 2) an institutional transitional phase; and 3) a community-based component to be completed at a community corrections center (CCC) or half-way house. The BOP form signed by Murphy in November 1998 advised him, among other things, that

NEARING THE TIME OF YOUR RELEASE, THE WARDEN WILL DETERMINE IF YOU ARE ELIGIBLE FOR TRANSFER TO A COMMUNITY-BASED PROGRAM. IF YOU ARE NOT ELIGIBLE, YOU CANNOT COMPLETE THE COMMUNITY TRANSITIONAL SERVICES PORTION OF THE DRUG PROGRAM, AND THEREFORE, YOU MAY NOT RECEIVE A § 3621(e) RELEASE.

---

1. Murphy has received 13 months of good time credit as a result of his model behavior.

2. 18 U.S.C. § 3621(e)(2)(B) provides:
   (e) Substance abuse treatment.—
   * * *
   (2) Incentive for prisoners' successful completion of treatment program.—
   * * *
   (B) Period of custody.—The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

In March 2000, Murphy completed the 500 hour residential component of the drug treatment program and was recommended for 180 days placement in a CCC. On June 16, 2000, however, Murphy's unit manager recommended that Murphy be denied CCC placement due to his 1992 escape, noting that the unit team "views [Murphy] as a flight risk." The warden concurred with the recommendation. Because Murphy could not complete the CCC phase of the program, he was ineligible for early release based upon participation in the program.

Murphy sought administrative review but the warden denied relief. The warden stated that the key consideration in determining CCC appropriateness is "public safety when assessing [an] inmate's proclivity for violence or escape...." The warden concluded that Murphy presented a threat due to his proclivity for escape. Further administrative review was unsuccessfully pursued by Murphy, who then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

In his petition, Murphy argued that he was eligible for early release because he had not been convicted of a crime of violence and the BOP was estopped from denying him participation in a CCC based on his previous escape since the BOP was aware of Murphy's escape conviction when he was admitted to the drug program. The district court ruled that estoppel did not prevent the BOP from denying Murphy early release.

## STANDARD OF REVIEW

■ A district court's denial of a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is reviewed *de novo. Zitto v. Crabtree*, 185 F.3d 930, 931 (9th Cir.1999).

## DISCUSSION

■ . On appeal, Murphy argues that the BOP is estopped from denying him the opportunity to complete the drug treatment program.[3]

■ "The elements of equitable estoppel are that '(1) the party to be estopped knows the facts, (2) he or she intends that his or her conduct will be acted on or must so act that the party invoking estoppel has a right to believe it is so intended, (3) the party invoking estoppel must be ignorant of the true facts, and (4) he or she must detrimentally rely on the former's conduct.'" *Lehman v. United States*, 154 F.3d 1010, 1016 (9th Cir.1998) (quoting *United States v. Hemmen*, 51 F.3d 883, 892 (9th Cir.1995)), *cert. denied*, 526 U.S. 1040, 119 S.Ct. 1336, 143 L.Ed.2d 500 (1999). Assuming without deciding that estoppel may be invoked against the government in these circumstances, Petitioner must also demonstrate that the government engaged in "affirmative misconduct going beyond mere negligence" and that the "government's wrongful act will cause a serious injustice, and the public's interest will not suffer undue damage by imposition of the liability." *Mukherjee v. I.N.S.*, 793 F.2d 1006, 1008–09 (9th Cir.1986) (citations and internal quotations omitted).

Estoppel does not apply in this case.

The district court ruled that even assuming Murphy's ineligibility for a reduced sentence resulted in a serious injustice to him, the public's interest will suffer

---

**3.** Murphy also argues that the district court erred in relying upon an unpublished disposition, contrary to Ninth Circuit Rule 36–3. The unpublished disposition involved the same district judge, the same lawyers, and similar issues. *Betz v. Hood*, 2000 WL 290356 (9th Cir. June 1, 2000) (unpublished). However, because we review de novo, we need not address this issue.

if estoppel is applied against the BOP in this case. This is certainly true. Murphy has a substantial criminal record, escaped from one institution and was a fugitive for almost two years. While his 1992 escape was accomplished by walking away, other circuits have recognized the risk that even walkaway escapees may pose when reapprehension is attempted. *See, e.g., United States v. Nation,* 243 F.3d 467, 472 (8th Cir.2001); *United States v. Gosling,* 39 F.3d 1140, 1142 (10th Cir.1994).

Although Murphy had completed a significant portion of the BOP's drug treatment program, participation in a drug treatment program is a benefit and can hardly be said to have disadvantaged Murphy.

Murphy emphasizes that he should not have been placed in the drug treatment program if he was not going to be permitted to complete it based upon his prior escape conviction. However, Murphy knew when he was first recommended for the program in November 1998 that the warden would determine eligibility for transfer to a CCC.

Murphy relies upon *Bowen v. Hood,* 202 F.3d 1211 (9th Cir.2000), *cert. denied,* 531 U.S. 1111, 121 S.Ct. 854, 148 L.Ed.2d 769 (2001) and *Cort v. Crabtree,* 113 F.3d 1081 (9th Cir.1997), but neither are controlling in this case. In both *Bowen* and *Cort,* inmates were notified of their early release eligibility then were denied release based upon BOP rule changes. These cases are factually distinguishable and neither case discussed estoppel.

## CONCLUSION

The district court did not err in denying Murphy relief.

**AFFIRMED.**