**Michael LADIGO, Petitioner—Appellant,**

v.

**Wayne SEIFERT, MDC Warden; United States Parole Commission; Chevy Chase Maryland, Respondents—Appellees.**

No. 01–56990.

D.C. No. CV–00–13181–WJR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2002.

Decided Aug. 2, 2002.

* This disposition is not appropriate for publica-

Before HUG, FARRIS and SILVERMAN, Circuit Judges.

MEMORANDUM *

Michael Ladigo, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2241 petition challenging the United States Parole Commission's revocation of his parole. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Ladigo contends that his due process rights were violated because the Parole Commission held his final revocation hearing in his absence. This contention lacks merit.

tion and may not be cited to or by the courts

We review de novo a district court's denial of a habeas corpus petition. *See Murphy v. Hood,* 276 F.3d 475, 477 (9th Cir.2001). Judicial review of Parole Commission decisions is narrow, *Wallace v. Christensen,* 802 F.2d 1539, 1551–52 (9th Cir.1986) (en banc), and "is limited to whether the Commission acted outside its statutory authority or committed a constitutional violation." *Rizzo v. Armstrong,* 921 F.2d 855, 858 (9th Cir.1990).

Ladigo asserts that he could not attend the hearing because he would have been either in excruciating pain without the benefit of morphine, or unable to participate in the hearing while under the influence of morphine. Ladigo contends that as a result, he was deprived of his right to counsel and his right to confront and cross-examine witnesses at the hearing.

Ladigo's counsel appeared at the hearing and asserted that under the circumstances of Ladigo's hospitalization, it was inappropriate to go forward with the proceeding. After stating this objection, counsel left the hearing room, aware that Ladigo's attending physician, Dr. Abboy, was prepared to testify that in his medical opinion, Ladigo was both mentally and physically able to attend the hearing. Based on the unrebutted medical testimony, the Parole Commission Examiner found that Ladigo and his counsel had voluntarily refused to participate in the revocation hearing. The Parole Examiner then held the revocation proceeding in their absence and subsequently recommended revocation of parole.

Ladigo contends that the Commission's reliance on Dr. Abboy's testimony was misplaced, in light of Ladigo's subsequent medical treatment. The Commission's factual findings are upheld unless clearly erroneous, *Kleeman v. United States Parole Comm'n,* 125 F.3d 725, 730 (9th Cir.1997), based on the record which existed at the time of the Commission's decision. *Cf. Camp v. Pitts,* 411 U.S. 138, 142, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973) (per curiam) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."); *Southwest Center for Biological Diversity v. United States Forest Service,* 100 F.3d 1443, 1450 (9th Cir.1996) (limiting consideration of documents not presented to the agency). Ladigo's purported facts continue to be counsel's own assertions, with no support in the record. Even assuming those facts to be true, however, the Parole Commission's findings cannot have been clearly erroneous, with only unrebutted medical testimony in the record.

Based on the record before him, the Parole Examiner did not clearly err in finding that Ladigo voluntarily refused to attend the revocation hearing. The district court properly concluded that the Commission did not violate Ladigo's due process rights by conducting the hearing. *See Brewer v. Raines,* 670 F.2d 117, 119 (9th Cir.1982) ("When, after sufficient notice, a defendant voluntarily absents himself from any proceeding, he waives any right he has to be present at that proceeding.").

**AFFIRMED.**

of this circuit except as may be provided by Ninth Circuit Rule 36–3.