Magdalena Escobar **PEREYRA,**
Petitioner—Appellant,

v.

John **ASHCROFT,** Attorney General,
Respondent—Appellee.

No. 01–56665.
D.C. No. CV–01–05111–LGB.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002 *.

Decided Sept. 17, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

**232**

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

MEMORANDUM **

Magdalena Escobar Pereyra appeals pro se [1] from the district court's judgment de-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

nying her 28 U.S.C. § 2241 habeas petition challenging the Immigration Judge's order finding her removable because of her conviction of a controlled substance offense and an aggravated felony. We have jurisdiction pursuant to 28 U.S.C. § 2253. *Flores–Miramontes v. INS,* 212 F.3d 1133, 1137–38 (9th Cir.2000). Reviewing de novo, *Murphy v. Hood,* 276 F.3d 475, 477 (9th Cir.2001), we affirm.

Pereyra contends that she is entitled to apply for a 212(c) waiver because she pled guilty based on her criminal attorney's advice about the availability of 212(c) relief. We disagree.

In 1996 Congress passed the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, Stat. 1214 (1996) ("AEDPA"). Section 440(d) of AEDPA amended section 212(c) of the Immigration and Nationality Act to eliminate discretionary relief for aliens convicted of most drug-related crimes, and took effect on April 24, 1996.

■ Under the law applicable to Pereyra at the time she entered her guilty plea on May 7, 1996, her conviction for sale of a controlled substance precluded her eligibility for 212(c) relief. *See Magana–Pizano v. INS,* 200 F.3d 603, 606 (9th Cir.1999); *see also* 8 U.S.C. § 1182(c) (1996). Therefore, AEDPA § 440(d) was not applied retroactively to Pereyra. *Cf. INS v. St. Cyr,* 533 U.S. 289, 315, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001).

■ The district court correctly characterized Pereyra's claim as one for ineffective assistance of counsel and denied the petition as an impermissible collateral attack on a state court conviction. *See*

1. We grant Pereyra's motion to substitute counsel and proceed pro se.

*Contreras v. Schiltgen,* 151 F.3d 906, 908 (9th Cir.1998) (holding that the district court could not entertain collateral attack on expired sentence which formed the basis for a deportation order).

AFFIRMED.

