Yanez GONZALO–GARZON, Petitioner–Appellant,

v.

John ASHCROFT, Attorney General, Respondent–Appellee.

No. 01–56907.

D.C. No. CV–01–01129–JNK.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 13, 2003.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Yanez Gonzalo–Garzon, a native and citizen of Colombia, appeals pro se the district court's order denying his petition for writ of habeas corpus under 28 U.S.C. § 2241. We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253. After de novo review, *Murphy v. Hood,* 276 F.3d 475, 477 (9th Cir.2001), we affirm.

When Gonzalo–Garzon pled guilty to his firearms offense in 1994, a deportee could seek relief under section 212(c) of the Immigration and Nationality Act only if the ground for deportation had an analogous ground for exclusion listed in section

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

212(a). *See Cabasug v. INS,* 847 F.2d 1321, 1323 (9th Cir.1988). Firearms convictions under section 241(a)(2)(C) had no analogue in section 212(a). *Cf. Cabasug,* 847 F.2d at 1323 ("[a]liens convicted of weapons offenses are not among [the] excludable classes" listed in section 212(a)). Therefore, Gonzalo–Garzon was statutorily ineligible for section 212(c) relief at the time of his firearms conviction and the district court properly denied his habeas petition. *See Cabasug,* 847 F.2d at 1322–24; *cf. INS v. St. Cyr,* 533 U.S. 289, 326, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (" § 212(c) relief remains available for aliens … who … would have been eligible for § 212(c) relief at the time of their plea under the law then in effect").

We deny Gonzalo–Garzon's motion for appointment of counsel on appeal. *See Wood v. Housewright,* 900 F.2d 1332, 1335–36 (9th Cir.1990).

We lack jurisdiction to consider the district court's order denying Gonzalo–Garzon's motion for reconsideration because he failed to file an amended notice of appeal. *See* Fed. R.App. P. 4(a)(4)(B)(ii).

AFFIRMED.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.