**Dinshaw BHAGWAGAR, Petitioner—Appellant,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent—Appellee.**

No. 01–16523.

D.C. No. CV–00–00295–LDG.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 21, 2003.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Dinshaw Bhagwagar, a native and citizen of India, appeals pro se the district court's denial of his 28 U.S.C. § 2241 habeas petition against the Immigration and Naturalization Service ("INS"). Bhagwagar was ordered deported based on his California criminal conviction for possession of cocaine for sale. We have jurisdic-

---

* The panel unanimously finds this case suitable for decision without oral argument, and denies Bhagwagar's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion pursuant to 28 U.S.C. § 2253. Reviewing de novo, *Murphy v. Hood,* 276 F.3d 475, 477 (9th Cir.2001), we affirm.

Under the law in effect when Bhagwagar entered a nolo contendere plea on September 16, 1996, his conviction for possession of cocaine for sale precluded his eligibility for relief under former 8 U.S.C. § 1182(c) ("section 212(c)"). *See Magana–Pizano v. INS,* 200 F.3d 603, 606–07 (9th Cir.1999). Therefore, contrary to his contention, section 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996 was not applied retroactively to Bhagwagar. *See INS v. St. Cyr,* 533 U.S. 289, 315, 326, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (holding section 212(c) relief remains available to aliens who would have been eligible for such relief under the law in effect at the time of their pleas).

Because Bhagwagar concedes that he exhausted his rights on direct appeal, his conviction is final for immigration purposes. *See Morales–Alvarado v. INS,* 655 F.2d 172, 175 (9th Cir.1981) (holding a conviction final upon the conclusion of either a direct appeal or the expiration of time to appeal). Contrary to Bhagwagar's contention, the expungement exception of the Federal First Offender Act is not applicable because Bhagwagar pled nolo contendere to possession of cocaine for sale and not simple possession. *See Dillingham v. INS,* 267 F.3d 996, 1005–07 (9th Cir.2001) (holding that an alien may not be deported where conviction for first-time simple possession of narcotics was expunged under state rehabilitative laws).

The district court properly dismissed Bhagwagar's allegations regarding detention conditions because a writ of habeas corpus is limited to attacks upon the legality or duration of confinement. *See Craw-*

*ford v. Bell,* 599 F.2d 890, 891 (9th Cir. 1979).

Finally, the Board of Immigration Appeals ("BIA") properly dismissed Bhagwagar's appeal because he failed to include proof that he served the notice of appeal on the INS. *See* 8 C.F.R. 3.3(a); *Hernandez–Rivera v. INS,* 630 F.2d 1352, 1354 (9th Cir.1980).

We decline to consider Bhagwagar's contention that he received ineffective assistance of counsel before the BIA because he raised it for the first time in this appeal. *See Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc.,* 752 F.2d 1401, 1404 (9th Cir.1985).

We reject all remaining contentions and deny all pending motions.

AFFIRMED.