**Cortney DOZIER, Petitioner— Appellant,**

v.

**Charles A. DANIELS, Warden, FCI Sheridan, Oregon, Respondent— Appellee.**

No. 04–35910.

D.C. Nos. CV–03–01447–HA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 14, 2005.

Decided July 21, 2005.

Stephen R. Sady, Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Craig J. Casey, Kenneth C. Bauman, Office of the U.S. Attorney, Portland, OR, for Respondent–Appellee.

Before FERNANDEZ, RYMER, and
KLEINFELD, Circuit Judges.

MEMORANDUM *

■ Dozier has not shown that the Bureau of Prisons violated his due process rights.[1] Dozier has no liberty interest in the discretionary sentence reduction available under 18 U.S.C. § 3621(e)(2)(B).[2] An inmate has no right to be confined in any particular prison, nor does he have a right to be transferred to any particular prison.[3] There is no requirement that prisoners pass through community treatment centers en route to free society,[4] and an inmate has no right to a specific educational or vocational program in prison, or to be transferred to another institution to participate in a program.[5] Dozier freely chose not to be transferred to another prison where he would have immediately benefitted from the drug treatment program and a possible reduction in sentence, so the incarceration portion of Dozier's sentence was prolonged by his own decision to knowingly and voluntarily forego the opportunity that was offered to him.

Neither *Cort v. Crabtree,*[6] nor *Bowen v. Hood,*[7] support Dozier's claim because those cases are limited to inmates who were notified of early release eligibility but then denied release based on Bureau of Prisons rule changes that were unconstitutionally retroactive.[8] There was no retroactive application here of a new regulation, as there was in *Bowen v. Hood.*[9] We assume for purposes of decision that, as *Bowen* holds, Dozier had a settled expectation for which he was entitled to due process protection once he had been provided with a determination of eligibility for the program.[10] Nevertheless, Dozier's settled expectation was eligibility for a program, not for a program close to his family. He was not assured, by regulation or otherwise, of entry into the first available slot in the Northwest. Dozier's "Concise Statement of Material Facts" says that Dr. Solomon offered Dozier entry into the Southeast program at the beginning of March, Dozier said he did not want to leave Sheridan because of expected family visits, and Dr. Solomon warned him that this would put him in "decline" status. Dozier insisted that he did not want to take the program in the Southeast but also did not want to be treated as having declined. Dr. Solomon, however, clearly informed Dozier of the consequences of his

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See McQuillion v. Duncan,* 306 F.3d 895, 900 (9th Cir.2002).

2. *See Jacks v. Crabtree,* 114 F.3d 983, 986 n. 4 (9th Cir.1997).

3. *See Olim v. Wakinekona,* 461 U.S. 238, 244–50, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Meachum v. Fano,* 427 U.S. 215, 224–29, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).

4. *See United States v. Laughlin,* 933 F.2d 786, 789 (9th Cir.1991).

5. *See Rhodes v. Chapman,* 452 U.S. 337, 348, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); *Montanye v. Haymes,* 427 U.S. 236, 243, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976).

6. *Cort v. Crabtree,* 113 F.3d 1081 (9th Cir. 1997).

7. *Bowen v. Hood,* 202 F.3d 1211 (9th Cir. 2000).

8. *See Murphy v. Hood,* 276 F.3d 475, 478 (9th Cir.2001).

9. *See Bowen,* 202 F.3d at 1220.

10. *See id.*

decision and gave Dozier another 24 hours to consider the offer. Dozier was given clear notice of the rule that would be applied to him and his objections were heard. Dozier made his own choice with his eyes open, after fair notice, and was deprived of no entitlement on account of that choice.

■ The Bureau of Prisons did not violate its own rules or deny Dozier due process. The Bureau's action was not punitive. Disciplinary cases are limited to deprivation of an inmate's rights, not his privileges like a discretionary sentence reduction under 18 U.S.C. § 3621.[11] In the context of a legitimate rehabilitation program for prisoners, the inquiry must consider the restraints inherent in prison life and the government's interests in managing scarce rehabilitation program resources.[12] Dozier voluntarily declined the opportunity presented to him, and the Bureau acted within its discretion to take him off the wait list.[13]

AFFIRMED.

FERNANDEZ, Circuit Judge, concurring.

I concur in the result.

---

11. *See Sandin v. Conner,* 515 U.S. 472, 485–87, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Bostic v. Carlson,* 884 F.2d 1267, 1270–72 (9th Cir.1989).

12. *See McKune v. Lile,* 536 U.S. 24, 34–35, 122 S.Ct. 2017, 153 L.Ed.2d 47 (2002).

13. *Cf. id.*

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). The government's motion for submission on the briefs without oral argument is granted.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.