**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DENARD NEAL, | No. 12-15669 |
| Petitioner - Appellant, | D.C. No. 1:11-CV-01361-GSA |
| v. | |
| UNITED STATES PENITENTIARY ATWATER; ET AL., | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding

Argued and Submitted November 17, 2014
San Francisco, California

Before: NOONAN and IKUTA, Circuit Judges, and DANIEL, Senior District
Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Wiley Y. Daniel, Senior District Judge for the U.S. District Court for the District of Colorado, sitting by designation.

Denard Neal (Neal) appeals the district court's order denying his petition for writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 1291. We affirm. We also deny Neal's two *pro se* motions.

We review *de novo* a district court's denial of a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Murphy v. Hood*, 276 F.3d 475, 477 (9th Cir. 2001). We conclude that the district court's denial of Neal's petition was proper. Affording deference to the Bureau of Prisons' (BOP) interpretation of its regulation, *Auer v. Robbins*, 519 U.S. 452, 461, 117 S. Ct. 905, 911, 137 L. Ed. 2d 79 (1997), we also conclude that masturbation is a sexual act under Prohibited Act 205 of the BOP's Disciplinary Code. Thus, we conclude that Neal had fair notice that his conduct was prohibited.

Lastly, we conclude that Neal's due process right to an impartial Disciplinary Hearing Officer (DHO) was not violated. Neal's DHO was both qualified and impartial. The DHO's findings were proper and based on some evidence in the form of the reporting correctional officer's statement. *See Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455-56, 105 S. Ct. 2768, 2774, 86 L. Ed. 2d 356 (1985) (Due process is satisfied if some evidence supports the prison disciplinary board's decision to revoke good time

-2-

credits.  This standard is met if any evidence in the record could support the disciplinary board's conclusion.).

Accordingly, we **AFFIRM**.