FILED

OCT 04 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCUS ARTHUR FONTAINE, | No. 09-55475 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-06455-AHM |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Marcus Arthur Fontaine appeals pro se from the district court's judgment

denying his 28 U.S.C. § 2241 habeas petition and petition for writ of error coram

nobis. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Fontaine contends that when the district court ordered that "no further supervision" would be imposed after his five-year term of imprisonment, the court precluded all supervision, including parole supervision. The record reflects that the district court's intent was that there be no supervised release following the five-year commitment. There is no indication, however, that the district court intended to vacate the sentence entirely if Fontaine was released on parole. Indeed, once a prisoner is released from prison on parole by order of the United States Parole Commission, the parolee remains under the jurisdiction of the Parole Commission "until the expiration of the maximum term or terms for which such parolee was sentenced." 18 U.S.C. § 4210(a). Fontaine thus remains under the jurisdiction of the Parole Commission until the expiration of his sentence.

Fontaine also contends that he was incarcerated beyond any mandatory maximum when accounting for time served in state custody. State time served, however, does not affect the computation of the full-term expiration of a federal sentence. *See* 28 C.F.R. § 2.21; *Bowen v. U.S. Parole Comm'n*, 805 F.2d 885, 888 (9th Cir. 1986).

Fontaine's motion for status of appeal is denied as moot.

**AFFIRMED.**

09-55475